# EXHIBIT A

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2022, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SUMMER RICKETTS,                                    CIVIL DIVISION

        *Plaintiff,*                                 **ELECTRONICALLY FILED**

        vs.                                        Case No. AR-22-001947

ENHANCED RECOVERY COMPANY, LLC,

        *Defendant.*

## COMPLAINT

AND NOW, comes Plaintiff, Summer Ricketts, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Enhanced Recovery Company, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Summer Ricketts (hereinafter "Summer Ricketts"), is an adult individual who currently resides at 302 North 8th Street, Jeanette, Pennsylvania 15644 United States of America.

2.      Defendant, Enhanced Recovery Company, LLC, (hereinafter "Enhanced Recovery Company"), is a corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

2

4.    Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5.    On June 21, 2021, Summer Ricketts sent a handwritten letter to Enhanced Recovery Company. A true and correct copy of the correspondence is attached hereto, made a part hereof, and marked as Exhibit "A."

6.    The correspondence was sent via certified mail. A true and correct copy of the certified mail receipt is attached hereto, made a part hereof, and marked as Exhibit "B."

7.    The handwritten letter from Summer Ricketts explicitly stated: "I refuse to pay any debt" associated with Enhanced Recovery Company. See Exhibit "A."

8.    The handwritten letter was delivered to and received by Enhanced Recovery Company at 10:42 a.m. on June 24, 2021. A true and correct copy of the United States Postal Service tracking receipt is attached hereto, made a part hereof, and marked as Exhibit "C."

9.    On or about July 19, 2021 Enhanced Recovery Company wrote and sent a letter to Summer Ricketts. A true and correct copy of the correspondence is attached hereto, made a part hereof, and marked as Exhibit "D."

10.    Enhanced Recovery Company responded in pertinent part: "Our offices are in receipt of your dispute and/or request validation. This letter is a response to that dispute and/or request for validation in accordance with 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act. Please find the enclosed documentation at it relates to the account referenced above." See Exhibit "D."

3

11.     At no point between the time Summer Ricketts sent the handwritten letter and Summer Ricketts received the misleading correspondence from Enhanced Recovery Company did Summer Ricketts consent to any direct communications with Enhanced Recovery Company or its agents or legal representatives or otherwise revoke the original refusal to pay the Enhanced Recovery Company debt.

12.     Enhanced Recovery Company violated 15 U.S.C.A. § 1692c(c) when it communicated directly with Summer and the communication did not fall into one of the exceptions for a "refusal to pay" declaration.

## COUNT I

### VIOLATION OF THE FDCPA, 15 U.S.C.A. § 1692, *et seq.*

13.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

14.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

15.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

16.     Summer Ricketts is a "consumer" as defined by § 1692a(3) of the FDCPA.

17.     Enhanced Recovery Company is a "debt collector" as defined by § 1692a(6) of the FDCPA.

4

18.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5).

19.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

20.     Section 15 U.S.C.A. § 1692c(c) of the FDCPA, states in pertinent part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except —
>        (1) to advise the consumer that the debt collector's further efforts are being terminated;
>        (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>        (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C.A. § 1692c(c) of the FDPCA.

21.     The handwritten letter from Summer Ricketts advised Enhanced Recovery Company that Summer Ricketts refused to pay any Enhanced Recovery Company debt. See Exhibit "A."

22.     The handwritten letter was received by Enhanced Recovery Company at 10:42 a.m. on June 24, 2021. See Exhibit "C."

5

23.    Enhanced Recovery Company responded in pertinent part: "Our offices are in receipt of your dispute and/or request validation. This letter is a response to that dispute and/or request for validation in accordance with 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act. Please find the enclosed documentation at it relates to the account referenced above." See Exhibit "D."

24.    Enhanced Recovery Company' response does not fall into any of the three enumerated exceptions to the prohibition of further communication from a debt collector once they receive a written refusal to pay from the consumer.

25.    Enhanced Recovery Company's response does not advise consumer that the debt collector's further efforts are being terminated.

26.    Enhanced Recovery Company's response does not notify the consumer that the debt collector may invoke specified remedies which are ordinarily invoked by such debt collector.

27.    Enhanced Recovery Company's response does not notify the consumer that the debt collector intends to invoke a specified remedy.

28.    Enhanced Recovery Company deliberately mischaracterized Summer Ricketts's June 21, 2021, letter as a letter disputing the debt. Enhanced Recovery Company has been engaged in the practice of collecting debts from consumers for years, they knew Summer Ricketts's handwritten letter was not a dispute of the Enhanced Recovery Company debt.

29.    Enhanced Recovery Company's conduct was an intentional effort to harass, oppress, or abuse the consumer in connection with the collection of a debt.

30.    Enhanced Recovery Company therefore violated 15 U.S.C.A. § 1692c(c) when it communicated directly with Summer Ricketts despite its knowledge that Summer Ricketts stated in writing that Summer Ricketts refused to pay the Enhanced Recovery Company's debt.

6

31.     Further, Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

32.     Here, the only natural consequence of Enhanced Recovery Company's acts of communicating directly with Summer Ricketts was to harass, oppress, and abuse Summer Ricketts.

33.     As such, Enhanced Recovery Company's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

34.     Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a) of the FDCPA.

35.     As a direct and proximate result of Enhanced Recovery Company's violations of the FDCPA, as set forth above, Summer Ricketts has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Summer Ricketts, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Enhanced Recovery Company, LLC, and enter an award of monetary damages as described herein, within arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C.A. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C.A. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: June 17, 2022                    By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Travis A. Gordon (Pa. I.D. No. 328314)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

## **VERIFICATION**

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: June 17, 2022

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Travis A. Gordon (Pa. I.D. No. 328314)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

9

EXHIBIT A

To: Enhanced Recovery Company LLC      6-21-21
8014 Bayberry Rd
Jacksonville FL 32256-7412

USPS TRACKING # & CUSTOMER RECEIPT
9114 9022 0078 9354 7725 72
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

FROM: Summer Ricketts
302 N. 8th St
Jeannette PA 15644

Dear ERC,       I don't know who you are.
I have written to you several times
to get information on you and the
debt you think I owe. Since you
have refused to respond to me I have
~~Know~~ No option but to refuse to pay
any debt you think I owe.
Thanks Summ Ricketts
SS# 195 72 1785   DofB 8/21/91
Tracking 9114 9022 0078 9354 7725 72

EXHIBIT B



UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9022 0078 9354 7725 72

Label 400  Jan. 2013
7690-16-000-7948

Ricketts
302 N 8th St
Jeannette, PA
15644

Enhanced Recovery Co. LLC
8014 Bayberry Rd
Po Box 57547
Jacksonville FL 32241

# EXHIBIT C

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

### Track Another Package **+**

**Tracking Number:** 9114902200789354772572                    Remove ✕

Your item has been delivered and is available at a PO Box at 10:42 am on June 24, 2021 in
JACKSONVILLE, FL 32257.

## ✅ Delivered, PO Box

June 24, 2021 at 10:42 am
JACKSONVILLE, FL 32257

**Get Updates** ⌄

---

**Text & Email Updates**                                                             ⌄

---

**Tracking History**                                                                  ⌄

---

**Product Information**                                                               ⌄

---

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

EXHIBIT D

7/19/2021



8014 Bayberry Rd.
Jacksonville, FL 32256
(800) 459-0815
www.ercbpo.com/help
Office Hours (Eastern Time):
8:00 AM – 11:00 PM –– M –Th
8:00 AM – 10:00 PM –– F
8:00 AM – 8:00 PM –– Sat.

Summer Ricketts
302 N 8TH STREET
JEANNETTE, PA 15644

Re: Dispute and/or Validation Request

ERC Reference Number: 217861343
ERC Customer: Sprint
Original Client Account Number: XXXXX3353
Original Client: Sprint

Summer Ricketts:

Our offices are in receipt of your dispute and/or request for validation. This letter is a response to that dispute and/or request for validation in accordance with 15 U.S.C. § 1692g of the Fair Debt Collection Practices Act.

Please find the enclosed documentation as it relates to the account referenced above.

Please contact our office at (800) 459-0815 if you have any further concerns or questions.

James Cecil, Senior Vice President of Operations

**North Carolina Residents:** North Carolina Department of Insurance Permit Number: 103967.

**New York City Residents:** New York City Department of Consumer Affairs License Numbers: 1394588, 2048142, 2048143, 2048140, and 2048141.

**This communication is from a debt collector and is made for the limited purpose of responding to your notification and is NOT an attempt to collect a debt.**

Enhanced Recovery Company. LLC. Doing Business As, ERC®
8014 Bayberry Road | Jacksonville, FL | 32256

20020